SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert F. Lindley, Jr., <br>     Plaintiff, <br> v. <br> Corizon Health, et al., <br>     Defendants. | No. CV 18-01860-PHX-DGC (JFM) <br><br> **ORDER** |

Plaintiff Robert F. Lindley, Jr., who is currently confined in the Arizona State Prison Complex (ASPC)-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's "Motion for Court Order to Stop Retaliation" (Doc. 60), which the Court construes as a motion for preliminary injunction. The Court will deny the Motion without prejudice.

**I.     Background**

On screening of Plaintiff's one-count Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Corizon Health, medical provider Itoro Elijah, and three members of Corizon's Utilization Management Committee based on their alleged failures to provide or approve proper treatment or MRIs for Plaintiff's temporal lobe cyst and possibly compromised shunt. (Docs. 8.) The Court ordered Defendants to answer these claims. (*Id.*; Doc. 88.)

. . . .

. . . .

## II. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**II    Plaintiff's Motion**

In his Motion, Plaintiff alleges that he has tried for three months to be seen by medical staff, but "has been ignored." (Doc. 60 at 1.) He claims this violates Corizon policy, which requires medical staff to respond to prisoners' health needs requests (HNRs) within 72 hours. (*Id.*) He states that he has filed four HNRs and an informal grievance, but has received no response, which he asserts is in retaliation for his filing this lawsuit and making complaints. (*Id.* at 1−2.) He requests that the Court order medical staff "to properly see and treat his medical issues," and he alleges that this is "the only way Plaintiff will be seen and treated." (*Id.* at 2.) Plaintiff also attaches copies of his Informal Complaint, an Inmate Grievance, and four HNRs. (*Id.* at 5−10.)

The Court will deny the Motion because Plaintiff fails to make a showing as to any of the *Winter* factors, including that he faces irreparable harm absent preliminary injunctive relief. Plaintiff only generally claims that he has sought medical attention for three months and has been ignored, in violation of Corizon policy. But a policy violation, on its own, is not a basis for the Court to intervene absent a threat of irreparable harm. Plaintiff's Motion does not identify any specific medical complaints for which he needs immediate treatment; nor do his attached grievances, which complain only that his HNRs have gone unanswered. (*See* Doc. 60 at 5−6.) To the extent Plaintiff's attached HNRs are legible, they at most show that Plaintiff requested an MRI, which was denied (*see id.* at 10). They do not provide any information about Plaintiff's current medical issues for which he needs immediate treatment. Plaintiff's request that the Court order medical staff "to promptly see and treat his medical issues" is also too vague to support an immediate threat to Plaintiff's health or safety, and it too broad to allow the Court to fashion relief that is "narrowly drawn" to address any specific threat of harm.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Court Order to Stop Retaliation" (Doc. 60), which the Court

construes a motion for preliminary injunction, and the Motion is **denied without prejudice**.

Dated this 24th day of May, 2019.

David G. Campbell
Senior United States District Judge